Nimalka Wickramasekera (CA SBN: 268518)
NWickramasekera@winston.com
Joe S. Netikosol (CA SBN: 302026)
JNetikosol@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

George C. Lombardi (*pro hac vice*)
GLombard@winston.com
Samantha M. Lerner (*pro hac vice*)
SLerner@winston.com
J.R. McNair (*pro hac vice*)
JMcNair@winston.com
Vivek V. Krishnan (*pro hac vice*)
VKrishnan@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

Attorneys for Plaintiffs
MEDTRONIC, INC.; MEDTRONIC PUERTO RICO OPERATIONS CO.; MEDTRONIC LOGISTICS, LLC; MEDTRONIC USA, INC.

A. James Isbester (CA SBN: 129820)
jisbester@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111

Telephone: (415) 576-0200
Facsimile: (415) 576-0300

Megan M. Chung (CA SBN: 232044)
mchung@kilpatricktownsend.com
12255 El Camino Real, Ste. 250
San Diego, CA 92130
Telephone: (858) 350-6100
Facsimile: (859) 430-3851

Attorneys for Defendant
AXONICS MODULATION TECHNOLOGIES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDTRONIC, INC.; MEDTRONIC PUERTO RICO OPERATIONS CO.; MEDTRONIC LOGISTICS, LLC; MEDTRONIC USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AXONICS MODULATION TECHNOLOGIES, INC., <br><br> Defendant. | **Case No. 8:19-cv-02115-DOC-JDE** <br><br> **JOINT RULE 26(F) REPORT** <br><br> Date: March 9, 2020 <br> Time: 8:30 a.m. <br> Courtroom: 9D <br> Judge: Hon. David O. Carter |

Plaintiffs Medtronic, Inc., Medtronic Puerto Rico Operations Co., Medtronic

Logistics, LLC, and Medtronic USA, Inc. ("Plaintiffs" or "Medtronic") and Defendant Axonics Modulation Technologies, Inc. ("Defendant" or "Axonics") hereby submit their Rule 26(f) Report and Discovery Plan pursuant to the Court's January 3, 2020 Order Setting Scheduling Conference (Dkt. No. 35) (the "Order") and Local Rule ("L.R.") 26.1 as follows:

## I.     Short Factual Summary of the Case and of Claims and Defenses

Plaintiffs initiated this action on November 4, 2019 (Dkt. 1) and later amended their complaint on November 26, 2019 (Dkt. 28) alleging infringement of U.S. Patent Nos. 8,036,756 ("the '756 patent"), 8,626,314 ("the '314 patent"), 9,463,324 ("the '324 patent"), 9,821,112 ("the '112 patent"), 8,738,148 ("the '148 patent"), 8,457,758 ("the '758 patent"), and 7,774,069 ("the '069 patent") (the "Patents-in-Suit"). The accused product is Axonics' rechargeable Sacral Neuromodulation ("SNM") system ("r-SNM") ("Axonics r-SNM System"). The Axonics r-SNM system is marketed for the clinical indications of overactive bladder, urinary retention, and fecal incontinence. Medtronic's Interstim products are marketed for the same clinical indications. Medtronic seeks relief in the form of damages for patent infringement and injunctive relief.

On January 2, 2020, Defendant answered denying the allegations and claims of infringement. Defendant asserted six affirmative defenses: (1) Noninfringement as to the Patents-in-Suit; (2) Prosecution History Estoppel/ Prosecution Disclaimer as to the Patents-in-Suit; (3) Waiver/Equitable Estoppel; (4) Invalidity as to the Patents-in-Suit; (5) Limitation on Damages for Failure to Mark; and (6) Limitation on Recovery of Costs. Furthermore, Defendant reserved the right to assert additional defenses.

The Parties conducted a Rule 26(f) conference on February 19, 2020. J.R. McNair, Nimalka Wickramasekera, and Samantha Lerner conducted the conference on behalf of Medtronic and James Isbester conducted the conference on behalf of Axonics.

## II.    Short Synopsis of the Principal Issues in the Case

The principal issues in this action are: (i) whether Axonics' r-SNM System,

infringes the Patents-in-Suit; (ii) Axonics' knowledge of Medtronic's Patents-in-Suit; (iii) the validity of the Patents-in-Suit; (iv) the applicability of prosecution history estoppel, unclean hands, waiver, and/or equitable estoppel; and (v) determinations as to damages and/or the appropriateness of injunctive relief as to Axonics' infringement of the Patents-in-Suit.

The foregoing synopsis is based on the parties' current information, and additional issues may arise in the course of discovery.

### III. Statement of Whether the Parties Are Likely to be Added and Whether the Pleadings are likely to be Amended

#### A. Plaintiff's Statement

Subject to changes in information made available, Medtronic does not at this time anticipate adding any additional parties or amending its complaint. Counsel for Medtronic is aware that the Court requires all motions to join other parties or to amend the pleadings to be filed and served within sixty (60) days of the date of the Scheduling Order and notified for hearing within ninety (90) days of the Scheduling Order.

#### B. Defendant's Statement

Subject to changes in information made available, Axonics does not at this time anticipate adding any additional parties. To the extent Axonics desires to amend its pleadings, it will file any motions within sixty (60) days of the date of the Scheduling Order.

### IV. Statement as to Issues Which Any Party Believes May Be Determined by Motion and a Listing of Then-Contemplated Law and Motion Matters

Medtronic does not believe that there are any issues that are appropriate for resolution by motion at this time, but given the early stages of the case, reserves the right to seek appropriate relief upon completion of discovery. In the event Axonics initiates *inter partes* review of some or all of the patents-in-suit, Axonics will bring a motion to stay this litigation pending resolution of such IPRs. Axonics otherwise does not believe that there are any issues that are appropriate for resolution by motion at this

time, but given the early stages of the case, reserves the right to seek appropriate relief upon completion of discovery.

## V.  Statement of Settlement Discussions

The parties have discussed the potential for settlement, but no resolution has been reached. The parties will continue to be in contact and discuss the potential for settlement, as appropriate. The parties also propose to engage in further settlement discussions pursuant to the local rules. At the discretion of the Court, and referring to the available settlement procedures identified in the Court's Order Setting Scheduling Conference (Dkt. 35 at 3), the parties agree to engage in settlement procedure no. 2 (appearance before a neutral selected from the Court's Mediation Panel).

## VI.  Discovery Plan

### A.  Phasing of Discovery

The Parties propose that discovery should be phased to have a first period for fact discovery (which includes claim construction discovery) and a second period for expert discovery.

### B.  Discovery Agreements and Limitations

The Parties propose the following discovery limitations:

Pursuant to Fed. R. Civ. P. 5(b)(2)(D) and L.R. 5-3.1, the parties agree to receive by e-mail transmission all items that are required to be served under Fed. R. Civ. P. 5(a) and that are not filed with the Court. Such electronic transmission will constitute service and any right to service by USPS mail is waived.

The Parties intend to negotiate and enter a stipulated Protective Order setting forth procedures for treatment of confidential information. The Parties also intend to negotiate and enter a stipulated order on electronically stored information ("ESI") to be presented to the Court in conjunction with that protective order.

The Parties jointly propose to the Court the following further plan:
   1. Discovery is necessary on the following subjects: Each of Medtronic's claims for relief, the facts and circumstances surrounding Medtronic's

allegations set forth in the Amended Complaint, and any additional claims that may be raised based upon future discovery. The facts and circumstances surrounding Axonics' affirmative defenses, and any additional claims and defenses that may be raised upon future discovery or any motions.

2. Fact and expert discovery will be in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Court's Rules. The Parties do not currently propose any changes to the discovery limitations imposed by these rules. In the event that additional discovery is needed, the Parties will seek the Court's approval.

### VII. Statement of Trial Issues

Plaintiffs have requested that this case by tried to a jury. The Parties respectfully point out that because this case involves allegations of infringement of seven patents, it may not be feasible for the parties to present their respective cases in 10 hours in a four-day jury trial. Accordingly, the parties estimate that the trial will require ten days depending on the number of patent claims asserted by Medtronic at trial.

### VIII. Statement of Issues Affecting the Status or Management of the Case and Proposed Dates

The parties propose the following events and dates:

| EVENT | PROPOSED DATE |
|---|---|
| Initial Disclosures | March 2, 2020 |
| Filing of Stipulated Protective Order | March 13, 2020 |
| Plaintiff to produce documents relating to patent prosecution. Defendant to produce technical documents (including for software where applicable) sufficient to show the accused features and operation of the Axonics r-SNM system. | April 10, 2020 |
| Last day to File Motion to Join Parties/Amend Pleadings | 60 days after Scheduling Order (with hearing date |

| | |
|---|---|
| | no later than 90 days after) |
| Plaintiffs to serve identification of asserted claims and infringement contentions. | May 6, 2020 |
| Defendant to serve invalidity contentions. | June 10, 2020 |
| Exchange of Proposed Terms for Construction | July 1, 2020 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence | July 17, 2020 |
| Meet and confer regarding limiting and selecting the number of terms for claim construction | July 24, 2020 |
| Opening Claim Construction Briefs | August 6, 2020 |
| Responsive Claim Construction Briefs | September 3, 2020 |
| Claim Construction Hearing | Set by Court |
| Substantial Completion of Document Production | October 28, 2020 |
| Close of Fact Discovery | January 11, 2021 |
| Opening Expert Reports | February 8, 2021 |
| Rebuttal Expert Reports | March 2, 2021 |
| Reply Expert Reports | April 5, 2021 |
| Close of Expert Discovery (All discovery cut-off) | May 10, 2021 |
| Discovery Motion Cut-off | May 14, 2021 |
| Last day to File Summary Judgment | June 7, 2021 |
| Motion Cut-off Date/ Hearing on Motion for Summary Judgment (Monday) | August 2, 2021 |
| Final Pre-Trial Conference (Monday) | October 25, 2021 |
| Jury Trial (Tuesday) | November 2, 2021 |

**The Parties' Position on Claim Terms for Construction:** The parties will initially identify terms for proposed construction, and their order of importance, then following the exchange of constructions and extrinsic evidence, the parties will meet and confer to identify the top ten (10) most significant terms for initial claim construction. If the parties cannot agree on the ten (10) most significant terms, the parties will identify

ones which they agree are the most significant and the ones that they do not agree and select from those for a total of ten (10) terms for initial claim construction.

Dated:  February 24, 2020          WINSTON & STRAWN LLP

By: /s/ *Nimalka Wickramasekera*
     Nimalka Wickramasekera
     George C. Lombardi
     J.R. McNair
     Samantha M. Lerner
     Vivek V. Krishnan
     Joe Netikosol

Attorneys for Plaintiffs
MEDTRONIC, INC.; MEDTRONIC PUERTO RICO OPERATIONS CO.; MEDTRONIC LOGISTICS, LLC; MEDTRONIC USA, INC.

KILPATRICK TOWNSEND & STOCKTON LLP

By: /s/ *Megan M. Chung*
     A. James Isbester
     Megan M. Chung

Attorneys for Defendant
AXONICS MODULATION TECHNOLOGIES, INC.