UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MEDTRONIC, INC.; MEDTRONIC PUERTO RICO OPERATIONS CO.; MEDTRONIC LOGISTICS, LLC; MEDTRONIC USA, INC., | Case No. 8:19-cv-02115-DOC (JDEx) |
| Plaintiffs, | PROTECTIVE ORDER GOVERNING THE COLLECTION AND PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION |
| v. | [NOTE CHANGES BY THE COURT] |
| AXONICS MODULATION TECHNOLOGIES, INC., | Judge: Hon. David O. Carter |
| Defendant. | Magistrate Judge: Hon. John D. Early |

Per the parties' Joint Stipulation (Dkt. 43) and good cause appearing therefor, the Court finds and orders as follows.

1. <u>PURPOSE AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The parties acknowledged that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited

information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledged, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

The parties further agreed to the Stipulation Regarding the Collection and Production of Documents and Electronically Stored Information set forth in the appended Exhibit B regarding the collection and production of documents and electronically stored information.

2. <u>DEFINITIONS</u>

2.1.   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   <u>Designated House Counsel</u>: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

2.6   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including,

among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7  Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL" Information or Items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9  "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "CONFIDENTIAL" Information or Items representing computer code and associated comments and revision histories, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10  House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11  Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12  Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13  Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party

3. SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

No "Highly Confidential" designation shall be made unless the designating party (or non-party from whom discovery is sought) reasonably believes in good faith that the designated material comprises or contains competitively sensitive information that could be used by the receiving party to obtain a business (not legal) advantage over the producing party, including, but not limited to, trade

secrets, highly sensitive, non-public technical information, documents disclosing the past, present, or intended design, development, configuration, materials, manufacture, testing or trial, and the results of such testing or trials, of the products of any Party, documents or information related to damages (e.g. sales numbers, profit margins), or documents or information related to pending and not yet published patent applications.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery,

Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available

for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other

parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the

provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

  6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

  6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

  6.3 Joint Stipulation. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Civil Rule 37. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless

the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7.  ACCESS TO AND USE OF PROTECTED MATERIAL

7.1  <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[1] that ensures that access is limited to the persons authorized under this Order.

7.2  <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, employees and staff of said Outside Counsel of Record, and Professional Vendors to whom it is reasonably necessary to disclose the information for this litigation;

(b) up to 5 total individuals of the Receiving Party, who may be officers, directors, and employees (including House Counsel), to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom

---

[1] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, third-party witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, employees and staff of said Outside Counsel of Record, and Professional Vendors to whom it is reasonably necessary to disclose the information for this litigation;

(b) Two Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation because he or she is directly supervising or overseeing the litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably

necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed;

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants[2] to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, third-party witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court; and

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4    Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, employees and staff of said Outside Counsel of Record, and Professional Vendors to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed;

_____

[2] *Alternative:* The parties may wish to allow disclosure of information not only to professional jury or trial consultants, but also to mock jurors, to further trial preparation. In that situation, the parties may wish to draft a simplified, precisely tailored Undertaking for mock jurors to sign.

1    (c) the court and its personnel;

2    (d) court reporters and their staff;

3    (e) the author or recipient of a document containing the information or a

4    custodian or other person who otherwise possessed or knew the information.

5    7.5 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY</u>

6    <u>CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL</u>

7    <u>– SOURCE CODE" Information or Items to Designated House Counsel or Experts.</u>

8    (a)(1) Unless otherwise ordered by the court or agreed to in writing by

9    the Designating Party, a Party that seeks to disclose to Designated House Counsel any

10   information or item that has been designated "HIGHLY CONFIDENTIAL –

11   ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written

12   request to the Designating Party that (1) sets forth the full name of the Designated

13   House Counsel and the city and state of his or her residence, and (2) describes the

14   Designated House Counsel's current and reasonably foreseeable future primary job

15   duties and responsibilities in sufficient detail to determine if House Counsel is

16   involved, or may become involved, in any competitive decision-making.

17   (a)(2) Unless otherwise ordered by the court or agreed to in writing by the

18   Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order)

19   any information or item that has been designated "HIGHLY CONFIDENTIAL –

20   ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"

21   pursuant to paragraphs 7.3(c) or 10 first must make a written request to the Designating

22   Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL –

23   ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"

24   information that the Receiving Party seeks permission to disclose to the Expert, (2) sets

25   forth the full name of the Expert and attaches a copy of the Expert's current resume,

26   and to the extent not included in the resume, (a) identifies the Expert's current

27   employer(s); (b) identifies each person or entity from whom the Expert has received

28   compensation or funding for work in his or her areas of expertise or to whom the

expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[3] and (c) identifies, by name and number of the case, filing date, and location of court, any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion in compliance with the Local Rules seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the

---

[3] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8. <u>PROSECUTION BAR</u>

Absent written consent from the Producing Party, any attorney or patent agent who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" _technical_ information shall not be involved in the prosecution of patents or patent applications relating to the design, operation, or functionality of sacral neuromodulation devices or transcutaneous energy transfer to implantable medical devices.[4] For purposes of this paragraph, "prosecution" includes drafting, amending, advising, or otherwise affecting the scope of obtaining patent claims and filing maintenance fees of those patent claims.[5] For purpose of clarity, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, _ex parte_ reexamination or _inter partes_ reexamination, or equivalent proceedings—e.g., Post-Grant Review—except that all persons subject to this Paragraph are prohibited from drafting new or amended claims in any such proceedings). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

9. <u>SOURCE CODE</u>

(a)	To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret

---

[4] It may be appropriate under certain circumstances to require Outside and House Counsel who receive access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to implement an "Ethical Wall."

[5] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

source code.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.  To be clear, Designated House Counsel may not obtain any information designated "HIGHLY CONFIDENTIAL –SOURCE CODE."

(c)     Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location.  The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d)     The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial. No more than 15 pages of a continuous block of Source Code, and no more than 100 total pages of Source Code shall be printed without authorization of the Producing Party. Notwithstanding the foregoing, the Receiving Party may request to print additional total pages, or continuous pages, of Source Code Material in excess of the amounts stated in this paragraph, which request(s) the Producing Party will not unreasonably

deny upon a showing of good cause.  If additional pages are requested and objected to, the objecting Party shall have the burden to seek relief from the Court within 14 days of the objection.  The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE."  The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e)  The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies. The Receiving Party shall only make additional paper copies, or convert any of the information contained in the paper copies into any electronic format, if such additional copies or conversions are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case for this litigation. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

10.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification

shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's

confidential information, then the Party shall:

        1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

        2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

        3.     make the information requested available for inspection by the Non-Party.

        (c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

If the Producing Party becomes aware of any inadvertent disclosure, the Producing Party may promptly designate any such documents as within the attorney-client privilege, work product immunity, or any other applicable privilege or immunity and request in writing return of such documents to the Producing Party. Upon such request and the provision of a supplemental privilege log, the Receiving Party shall immediately retrieve and return or destroy all copies of such document(s). The Producing Party shall retain a copy of any such documents and shall be prepared to submit them to the Court in connection with any Order of this Court requiring in camera inspection in connection with a challenge of the privilege designation.

In turn, the Producing Party shall keep a copy of the document(s) requested to be retrieved and returned or destroyed, and shall create a privilege log for all such documents requested to be returned or destroyed, regardless of the date of the document, (for example, if the document would not have otherwise needed to be placed on the privilege log subject to Section 13 of this Order) and designate them as within the attorney-client privilege, work product immunity or any other applicable privilege or immunity, along with the appropriate identifying information.

Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege, work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court or by otherwise presenting to the Court (if requested by the Court); provided, however, that such challenge shall not assert as a ground for challenge the fact of the initial production or inspection of the documents later designated as attorney-client privileged, work product, or subject to another applicable privilege or immunity, and shall not refer to the content of the inadvertently-produced items.

Subject to the provisions of Federal Rule of Evidence 502, inspection or production of documents (including physical objects) shall not constitute a waiver of

the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

14. MISCELLANEOUS

    14.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

    14.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    14.3: Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

    14.4   Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5.2.2 (b) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant

to Civil Local Rule 79-5.2.2 (b) (ii) unless otherwise instructed by the court.

14.5    Communications Between Parties and Counsel of Record.
Responsive documents and things subject to the attorney-client privilege, work product protection, and/or other applicable protection/ immunity, including privileged or protected communications between a Party and its respective Counsel of Record, occurring after the date of filing of Plaintiff's initial Complaints need not be produced or disclosed on a privilege log in response to a discovery request served by another Party, absent an order of the Court, except as required to rely on an opinion of counsel as part of a defense in this Action. This agreement is without prejudice to any Party's ability to make a particularized request for a limited privilege log relating to specific documents, or upon an appropriate showing of the potential discoverability of the documents over any privilege or protection objections.

15. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product,

and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

Pursuant to the parties' Joint Stipulation (Dkt. 43), IT IS SO ORDERED.

DATED: March 16, 2020

JOHN D. EARLY
United States Magistrate Judge

## EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that

I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Central District of California on

March 16, 2020 in the case of <u>Medtronic, Inc., et al., v. Axonics Modulation</u>

<u>Technologies, Inc.</u> Case No. 8:19-cv-02115-DOC-JDE. I agree to comply with and to

be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms of

this Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full

name] of _____ [print or type full address

and telephone number] as my California agent for service of process in connection

with this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                        [printed name]

Signature: _____
                    [signature]

24

## STIPULATION REGARDING THE COLLECTION AND PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION

This Stipulation sets forth the general agreement between Plaintiffs Medtronic, Inc., Medtronic Puerto Rico Operations Co., Medtronic Logistics, LLC, and Medtronic USA, Inc. and Defendant Axonics Modulation Technologies, Inc., hereinafter the "Parties," or individually, a "Party", as to the collection and production of documents and electronically stored information

## I.      GENERAL TERMS

A.      Application. The procedures set forth in this Stipulation shall govern the production of Documents and Electronically Stored Information ("ESI") relevant to this Action. To the extent that relevant ESI includes sources not supported by the Parties, the Parties will make reasonable efforts to collect and produce this information (subject to relevant general and specific objections), provided a custodian has control over this data and it is available in a format that is accessible by the Parties. In the event that any Party identifies a particular source of responsive Documents or ESI for which application of this Stipulation would be impossible or otherwise unduly burdensome or impractical, the Party identifying the source will promptly notify other Parties, and the Parties may meet and confer concerning the source.

B.      Scope of Discovery. This Stipulation does not affect the proper subject matter of discovery in this Action. Nor does this Stipulation imply that Documents or ESI produced under its terms are relevant or admissible in this Action or in any other litigation.

C.      Proportionality. Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or

expense of the proposed discovery outweighs its likely benefit consistent with the Federal Rules of Civil Procedure.

D.    Preservation of Data. A Party has a common law obligation to take reasonable and proportional steps to preserve discoverable information in the Party's possession, custody or control.

E.    Privileges. Nothing in this Stipulation shall be interpreted to require the disclosure of Documents or ESI that a Party contends are protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection.

F.    Legibility. The Parties will make reasonable efforts to ensure that all Documents and ESI they produce are legible. If a copy is not legible and it is possible to produce a legible copy, such a legible copy will be produced (subject to relevant general and specific objections) within five (5) business days of a request from a receiving Party, or as mutually agreed upon by the Parties. But if no legible copy can be made, then the original will be made available for inspection and copying within ten (10) business days of a request from a receiving Party, or as mutually agreed upon by the Parties.

G.    Modification and Amendment. This Stipulation may be modified or amended by written agreement of the Parties.

H.    Reservation of Rights. The Parties reserve all rights under the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Central District of California.

I.    Definitions.

- "Metadata" is defined as (i) information embedded in a Native File that is not ordinarily viewable or printable from the application that generated, edited, or modified such Native File; and/or (ii) information generated automatically by the operation of a computer or other information technology system when a Native File is created, modified, transmitted, deleted or otherwise manipulated by a user of such

26

system.

• "Native File(s)" means ESI in the electronic format of the application in which such ESI is normally created, viewed, and/or modified.

## II. ESI DISCLOSURES

A. By April 24, 2020, each party shall disclose:

a. Custodians. The 8 custodians most likely to have discoverable information in their possession, custody or control, from the most likely to the least likely. The custodians shall be identified by name, title, and the subject matter of the information.

b. Non-custodial data sources.[6] A list of the non-custodial data sources that are most likely to contain non-duplicative discoverable information for preservation and production consideration, from the most likely to the least likely.

B. Notice. The parties shall identify any issues relating to:

a. Any ESI (by type, date, custodian, electronic system or other criteria) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(C)(i).

b. Third-party discovery under Fed. R. Civ. P. 45 and otherwise, including the timing and sequencing of such discovery.

c. Production of information subject to privacy protections, including information that may need to be produced from outside of the United States and subject to foreign laws.

Lack of proper notice of such issues may result in a party losing the ability to pursue or to protect such information.

## III. PATENT DISCOVERY[7]

A. On April 10, 2020 and for each defendant,[8] the plaintiff shall produce the

---

[6] That is, a system or container that stores ESI, but over which an individual custodian does not organize, manage or maintain the ESI in the system or container (e.g., enterprise system or database)

[7] As these disclosures are "initial," each party shall be permitted to supplement.

[8] For ease of reference, "defendant" is used to identify the alleged infringer and "plaintiff to identify the patentee.

file history for each asserted patent.

B.     On April 10, 2020, each defendant shall produce to the plaintiff technical documents (including for software where applicable) sufficient to show the accused features and operation of the accused products.

C.     On May 6, 2020, plaintiff shall produce to each defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes.

D.     On June 10, 2020, each defendant shall produce to the plaintiff its initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals and patents).

E.     Absent a showing of good cause, follow-up discovery shall be limited to a term of 6 years before the filing of the complaint, except that discovery related to asserted prior art or the conception and reduction to practice of the inventions claimed in any patent-in-suit shall not be so limited.

## IV.     COLLECTION OF DOCUMENTS AND ESI

A.     Custodians. By April 24, 2020, the responding Party shall identify a reasonable subset of ESI custodians that are likely to have ESI responsive to those written discovery requests, and give the requesting party the opportunity to request any additional custodians that are likely to have ESI responsive to those written discovery requests, which the responding Party will not unreasonably deny upon a showing of good cause. Prior to the production of ESI, each Party shall provide to all other Parties a list of ESI custodians identified by name, title, and the subject matter of the information from whom ESI will be collected.

B.     Sources. The Parties shall make reasonable efforts to identify and collect any Documents and ESI potentially relevant to this Action from all sources (except those sources identified in Section VI(J)) of potentially responsive information, including servers, network drives, and shared drives, consistent with the list of custodians disclosed in paragraph A of this section and without need to collect and

produce redundant information.

C.    Search of ESI. The Parties may use keyword searching to identify ESI that is reasonably likely to have discoverable information regarding the subject matter of this Action. If any Party chooses to use keyword searching to identify potentially relevant ESI, it shall disclose the search terms to the requesting party. A requesting party may request no more than 10 additional terms to be used in connection with the electronic search. Focused terms, rather than over-broad terms (e.g., product and company names), shall be employed, unless combined with narrowing search criteria that sufficiently reduces the risk of over production. Notwithstanding the foregoing, a requesting party may request additional terms in excess of the amounts stated in this paragraph, which request(s) the Producing Party will not unreasonably deny upon a showing of good cause. If the Parties disagree on the applicable keywords to be used, list of custodians, or sources of ESI to be searched, any Party may file an appropriate motion for determination by the Court. During the pendency of any such motion, the producing Party's production obligation will be stayed. No party is required to use search terms; further, use of search terms does not foreclose a party's right to use other technologies, where appropriate. It is the producing party's right to determine the best method of search and review and how it will comply with Federal Rule of Civil Procedure 26.

D.    Collection of ESI. The Parties shall use best efforts to collect ESI in a manner that does not alter metadata or other file attributes.

**V. PRODUCTION OF DOCUMENTS**

A.    File Type. The Parties shall produce Documents as Group IV black and white, single-page TIFF images at not less than 300 dpi resolution, along with associated document- level text files, image load files (DII, LFP, and OPT) indicating appropriate document and family breaks, as well as metadata load files in delimited text format containing the fields required by Section IV(C). The TIFF image must convey the same information as if the Document were produced in

paper.

B. **Extracted Text and OCR.** For documents that do not contain redactions, the producing Party will produce an extracted text file for each electronic document where text can be extracted, and an Optical Character Recognition ("OCR") text file for (i) each imaged paper document, and (ii) each electronic document for which text cannot be extracted. For documents that contain redactions, the producing Party will provide an OCR text file for the unredacted portions of such documents. Said extracted text and OCR files shall be produced as document level text files and be named consistently with their corresponding TIFF files ([producing Party's Name]-000000001.tif and [producing Party's Name]-000000001.txt). The Parties shall confer to identify the list of file types for which text cannot be extracted, and for which OCR text will thus be provided by the producing Party at the time of production pursuant to this paragraph. The Parties recognize that agreeing to a specific list now is premature as the Parties first need to understand which file types might be relevant.

C. **Color Copies.** A receiving Party may request that specific Documents be produced in color for good cause.

D. **Family Groups.** The Parties shall maintain family groups together in one production volume and shall not break family groups apart in separate production volumes.

E. **Scan Size.** Reasonable efforts will be used to scan Documents at or near their original size, so that the print or image on the Document appears straight, and not skewed. Reducing image size may be necessary to display production numbers and confidentiality designations without obscuring text. Physically oversized originals will appear reduced. A producing Party reserves the right to determine whether to produce oversized Documents in their original size. A receiving Party may request that specific oversized Documents be produced in their original size for good cause.

F. **Notes and Attachments.** If any original Document has notes or

attachments affixed thereto, the Parties will produce copies of those Documents with the accompanying notes and attachments unless privileged or exceptioned during processing.

## VI.    PRODUCTION OF ESI

A.    File Type. Except as specified in Section IV(C) below, the Parties shall produce ESI as Group IV black and white, single-page TIFF images at not less than 300 dpi resolution, along with associated document-level text files, image load files (.DII, LFP, and OPT) indicating appropriate document and family breaks, as well as metadata load files in delimited text format containing the fields required by Section IV(B).

B.    Metadata. For each item of ESI, if applicable/available, the Parties shall identify the following metadata:

- Email Subject
- Conversation Index
- Author
- From
- recipient/to
- persons to whom the ESI was copied/CC
- persons to whom the ESI was blind copied/BCC
- the date the ESI was created
- the date the ESI was last modified
- the file name
- the file extension (e.g., pdf, doc, ppt, etc.)
- file size
- date sent
- time sent
- date received
- time received
- beginning bates

31

- • ending bates
- • beg attach
- • range attach
- • end attach
- • MD5/SHA value
- • Filepath
- • All Custodians

C.     Native Files. Microsoft PowerPoint and Excel files shall be produced as Native Files. Tiff images should also be produced for all PowerPoint or presentation files. For Excel and other spreadsheet files, the Parties agree to produce a single slipsheet for each Excel file branded with the text "File Produced In Native Format" along with the corresponding Bates number and confidentiality designation. A Party may request that another Party produce other ESI as Native Files for good cause.

D.     Production Format for Databases and Audio-Visual Files. The Parties agree to meet and confer regarding the production format for Microsoft Access or other similar databases, as well as any audio visual or media files.

E.     Color. A receiving Party may request that specific ESI be produced in color for good cause.

F.     De-duplication. A party is only required to produce a single copy of a responsive document and shall deduplicate responsive ESI (based on MD5 or SHA-1 hash values at the document level) at the global level. As noted above, an "All Custodians" metadata field shall be provided in the metadata load file.

G.     Attachments. If any original ESI has attachments, the Parties will produce copies of that ESI with the attachments unless privileged, not responsive to a discovery request, or exceptioned during processing.

H.     Encryption. The producing Party shall encrypt all Production Data. Such encryption should only be implemented in a manner that would not preclude the reasonable use of ESI. Encryption should be applied using True Crypt software or

similar product or via hardware encryption using hardware encrypted drives. The producing Party shall transmit the encryption key or password to the requesting Party, under separate cover, contemporaneously with sending the encrypted media.

I.      Archived Materials. Absent a showing by the requesting Party of circumstances whereby the need for such ESI substantially outweighs the burden associated with recovering it and that no other source for such ESI is otherwise available, the Parties shall not be required to search Back-Up Tapes and Data or other back-up, archived, or disaster recovery systems. For purposes of this Section, "Back-Up Tapes and Data" means data duplicated in any electronic backup system for the purpose of system recovery or information restoration, including but not limited to, system recovery backup tapes, continuity of operations systems, and data or system mirrors or shadows, if such data are routinely purged, overwritten or otherwise made not reasonably accessible in accordance with an established routine system maintenance policy.

J.      Preservation Not Required for Not Reasonably Accessible ESI. The Parties agree that the Parties need not preserve, search for, or produce:

- Deleted, slack, fragmented, or other data only accessible by forensics.
- Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.
- On-line access data such as temporary internet files, history, cache, cookies, and the like.
- Data in metadata fields that are frequently updated automatically, such as last-opened dates.
- Back-up data that are substantially duplicative of data that are more accessible elsewhere.
- Voice messages.

33

- Instant messages that are not ordinarily printed or maintained in a server dedicated to instant messaging.
- Electronic mail or pin-to-pin messages sent to or from mobile devices (e.g., iPhone and Blackberry devices), provided that a copy of such mail is routinely saved elsewhere.
- Other electronic data stored on a mobile device, such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere.
- Logs of calls made from mobile devices.
- Server, system or network logs.
- Electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report.
- Data remaining from systems no longer in use that is unintelligible on the systems in use.

## VII.    BATES LABELING/CONFIDENTIALITY DESIGNATIONS

A.    Labeling. Each page of all images produced must be clearly labeled with an indelible, legible, unique Bates number identifier electronically "burned" onto the image. Reasonable steps shall be taken to place the Bates number at a location that does not obscure any information from the source document. In addition, to the extent any image or file is to be marked confidential, each page of the image or file to be marked confidential shall include the appropriate confidentiality designation as determined in the Protective Order separately entered into by the Parties. There shall be no other legend or stamp placed on the document image, with the exception of redacted information due to claims of applicable privileges.

B.    Consecutive Numbering. The Parties agree that a convention on Bates number ordering will help the Parties better organize production of Documents and ESI in this Action. Therefore, to the extent possible, Documents and ESI shall be

Bates-numbered consecutively by custodian (source), maintaining all parent-child relationships. Document numbers for documents produced by the Parties shall identify the Party's name and shall be in the format "Party Name- 00000001."

C.     File Names. Image file names must be unique and must correspond with the Bates number imprinted on the image. For example, if the Bates number "B0000001" was imprinted, the image would bear the name "B0000001.tif."

D.     Authenticity. No Party shall object that Documents or ESI produced pursuant to this Stipulation is not authentic based upon the file naming convention described in Section V(C), above. The Parties otherwise reserve all rights regarding their ability to object to the authenticity of Documents or ESI.

E.     Native Files. If Native Files are produced, the Party producing such Native File shall include a single-image placeholder TIFF with a single Bates number on the image itself. As stated above, the slipsheet for each native Excel file will include the text "File Produced In Native Format" along with the corresponding Bates number and confidentiality designation. The Native File shall be renamed to match the Bates number assigned thereto. There shall be no Bates numbering of Native Files at the page level.

## VIII. PRIVILEGE AND REDACTIONS

A.     With respect to information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

B.     Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Federal Rule of Civil Procedure 26(b)(3)(A) and (B).

C.     Entire Categories of Privileged Documents. The Parties recognize that there may be a limited number of instances where there are categories or groups of Documents or ESI in which all items are privileged and that, because of the large number of individual items in such a category or group, it would be a great burden to separately identify on a privilege log each individual Document or item of ESI

included in that group. The Parties agree that in such instances, in accordance with THE SEDONA PRINCIPLES: BEST PRACTICES RECOMMENDATIONS & PRINCIPLES FOR ADDRESSING ELECTRONIC DOCUMENT PRODUCTION, comment 3(c) (2007 ed.) and as appropriate, instead of separately identifying each Document or item of ESI on its privilege log, it may instead identify categories or groups of privileged Documents or privileged ESI. In so doing, the Party shall describe in its privilege log the category or group of privileged Documents or ESI (including, without limitation, the criteria and method of delimiting the category or group), the factual basis for a reasonable belief that all Documents or ESI in the category or group are privileged, and the legal basis for the assertion of a privilege as to all Documents or ESI in the category or group. Additionally, if a Party requests further information relating to a category or group identified on another Party's privilege log, such information shall be provided so that the requesting Party has sufficient information to determine whether or not to challenge the privilege claim. The ultimate adjudication of challenged privilege claims shall be made on the basis of a document-by-document review. The parties agree that documents directed to or created by outside counsel on or after November 4, 2019, the date the Complaint was filed, need not be identified on privilege logs, without any waiver of privilege or work product protection for such documents.

D.    Redactions. If the producing Party is redacting information from a page, the producing Party shall electronically "burn" the word "Redacted" onto the page at or reasonably near to the location of the redaction(s). If the producing Party redacts a document, the following metadata fields must nonetheless be produced to the extent the fields are already populated in the ordinary course:

| Field Name | Description |
| --- | --- |
| ProdBeg | Beginning bates number |
| ProdEnd | Ending bates number |
| ProdBegAttach | Beginning attachment number |
| ProdEndAttach | Ending attachment number |

| FileExt | Efile field - DocType (the file name suffix of an electronic file) |
|---|---|
| Sent Date | Email field – Sent Date |
| Last Modified Data | Efile Field – Modification Date |
| Create Date | Efile field – Creation Date |
| Custodian (s) | Global deduplication was performed so multiple custodians will be supplied in this field. |

E.     Native Files. Recognizing that Native Files cannot be redacted, producing Parties shall undertake reasonable efforts to produce documents in redacted form consistent with the principles contained in this Stipulation.

F.     Clawback. The inadvertent disclosure to another Party of any document which is subject to a legitimate claim that the document should have been withheld from disclosure as a privileged attorney/client communication or attorney work product shall not constitute a waiver of any privilege or otherwise affect the right to withhold it from production as privileged or work product. If a request is made in good faith to return any such allegedly privileged or work product document that was inadvertently disclosed, the Party that received the document shall delete it and return all hard copies of it within 10 days of the request. The privilege or work product status of such document or information, if any, shall be deemed to be restored upon the making of such request, provided, however: (1) nothing herein shall preclude the non-producing party from requesting the Court to determine whether the document or information is privileged or work product.  In the event the non-producing party intends to challenge the claim of privilege or work product, the non-producing party may retain a copy of such document for such purposes; (2) if the producing party either (i) expresses the intent to use such document or information at a hearing, deposition, or trial, or (ii) uses such document or information at a hearing, deposition, or trial, the producing party's right to request a return of such document or information shall be foreclosed. This Stipulation shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).