JS-5

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SA CV 19-02115-DOC-JDE | Date: October 21, 2021 |

Title: MEDTRONIC, INC. ET AL. v. AXONICS MODULATION TECHNOLOGIES, INC.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING PLAINTIFFS' MOTION TO LIFT STAY [63]**

Before the Court is Plaintiffs Medtronic, Inc., Medtronic Puerto Rico Operations Co., Medtronic Logistics, LLC, and Medtronic USA, Inc.'s ("Plainitffs") Motion to Lift Stay ("Motion" or "Mot.") (Dkt. 63). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the parties' moving papers, the Court GRANTS Plaintiffs' Motion.

**I.**    **Background**

This case arises out of a dispute over seven asserted patents between Plaintiffs and Defendant. Plaintiffs initiated this action on November 4, 2019 (Dkt. 1) and filed a First Amended Complaint (Dkt. 28) on November 26, 2019. On March 13, 2020, the Court issued its Scheduling Order (Dkt. 42). On March 16, 2020, Defendant filed petitions for *inter partes* review with the U.S. Patent and Trademark Office ("PTO") as to all seven patents at issue, and filed a Motion to Stay Case with this Court on April 10, 2020, asking the Court to stay the action pending *inter partes* review. Defendant's Motion to Stay Case (Dkt. 49). This Court granted that motion on May 8, 2020. Order Granting Defendants' Motion to Stay Litigation Pending Inter Partes Review ("Order") (Dkt. 55).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-02115-DOC-JDE                            Date: October 21, 2021

Page 2

On September 15, 2020, the Patent Trial and Appeal Board ("PTAB") denied Axonics' request in its entirety to institute review of the '324 patent. Joint Status Report at 2 (Dkt. 57). On September 15 and September 23, 2020, the PTAB instituted review of the challenged claims of the remaining six asserted patents. *Id.* at 2-3. On October 4, 2021, Plaintiffs filed the instant Motion arguing that the stay should be lifted now that PTAB has issued its final written decisions. Mot. at 1. Defendant filed their opposition ("Opp'n") on October 8, 2021. Dkt. 66. Plaintiffs then filed their Reply on October 18, 2021. Dkt. 67.

## II.     Legal Standard

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted). "To be sure, a court is under no obligation to delay its own proceedings by yielding to ongoing PTAB patent reexaminations—even if the reexaminations are relevant to the infringement claims before the Court." *Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*, No. C-14-1575 EMC, 2014 WL 3107447, at *3 (N.D. Cal. July 3, 2014); *see also Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001).

To determine whether to stay a case pending reexamination or *inter partes* review, courts in this district typically consider three factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013). The three factors "are not exhaustive, however, as the decision whether to order a stay must be based on the totality of the circumstances." *Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.*, No. 8:16-cv-00300-CJC-RAO, 2016 WL 7496740, at *1 (C.D. Cal. Nov. 17, 2016) (citing *Universal Elecs., Inc.*, 943 F. Supp. 2d at 1030-31).

## III.     Discussion

This Court previously granted Defendant's Motion to Stay "pending *inter partes* review." Order at 4. This Court came to this decision because "*inter partes* review would simplify the issues in this case" and thus preserve judicial resources. *Id.* at 3. Now that PTAB has issued its final written determinations, the stay has served its purpose of simplifying the case and is no longer warranted or appropriate. Although Defendant argues that the case should be stayed until all appellate reviews are exhausted, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-02115-DOC-JDE  Date: October 21, 2021

Page 3

pendency of an appeal and its speculative success is "not, in and of itself, a sufficient basis to make the patentee continue to wait to enforce patent rights that it currently holds." *Juno Therapeutics, Inc. v. Kite Pharma*, 2018 WL 1470594, at *7 (C.D. Cal. Mar. 8, 2018).

## IV.     Disposition

For the reasons set forth above, the Court GRANTS Plaintiffs' Motion to Lift Stay.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                              Initials of Deputy Clerk: kdu

CIVIL-GEN